UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LISA MELLERS, individually and on behalf of all others similarly situated, | § § § | |
| | § | CIVIL ACTION NO._____ |
| Plaintiffs, | § | |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| BRIDGEFARMER AND | § | |
| ASSOCIATES, INC. and | § | |
| MOHAMMAD MANSOOR AHSAN, | § | |
| individually, | § | |

Defendants.

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

COMES NOW, LISA MELLERS ("Plaintiff"), individually and on behalf of members of the public similarly situated, and asserts claims against BRIDGEFARMER AND ASSOCIATES, INC. ("Bridgefarmer") and Mohammad Mansoor Ahsan ("Ahsan"), individually (hereinafter collectively referred to as "Defendants"), and would show the Court as follows:

### I.    INTRODUCTION

1.    This is a collective action suit to recover unpaid wages and overtime pay brought under the Fair Labor and Standards Act, 29 U.S.C. § 201, et. seq. (hereinafter "FLSA").

2.    Pursuant to 29 U.S.C. § 216(b), this action seeks compensatory and liquidated damages, attorneys' fees, taxable costs of Court, and post-judgment interest based upon Defendants' willful failure to pay Plaintiff for hours worked and failing to pay Plaintiff overtime for hours worked in excess of forty hours while in the course and scope of employment with Defendants Bridgefarmer and Ahsan.

3.      This is an action authorized and instituted pursuant to the FLSA and the laws of the State of Texas.

4.      Plaintiff brings a collective action to recover the unpaid wages owed to her and all other similarly situated current and former employees of Defendants throughout Texas. Members of the Collective Action are hereinafter referred to as "Class Members."

## II.    SUBJECT MATTER JURISDICTION AND VENUE

5.      This is a class action brought pursuant to Federal Rule of Civil Procedure ("FRCP") 23.

6.      The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 16331 in that it arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et. seq.

7.      The Court has supplemental jurisdiction over Plaintiff's breach of contract action against Defendant Bridgefarmer pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in this Court because Plaintiff and Defendants Ahsan and Bridgefarmer reside, transact business, or have offices in Dallas County, Texas, which is in this district and the acts or omissions alleged took place in this district.

## III.    COVERAGE

9.      At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

10.     At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11.     At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of

the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated). Specifically, Bridgefarmer engages in interstate commerce through its office locations located in Texas, Colorado, and Arkansas.

12.    At all times hereinafter mentioned, Plaintiff and Class Members were employees who were engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## IV.    PARTIES AND PERSONAL JURISDICTION

13.    Plaintiff repeats, realleges, and reasserts paragraphs (1) through (12) as if set forth more fully herein.

14.    Plaintiff is, and at all times mentioned in this complaint, an individual residing in Dallas County, Texas.

15.    The Classmembers are all current and former marketing coordinators, marketing assistants, receptionists, and other office administrative staff throughout the State of Texas employed by Defendants at any time during the three year prior to the filing of this Complaint to the present.

16.    Defendant Bridgefarmer is a domestic corporation, organized and existing pursuant to the laws of the State of Texas and doing business in the State of Texas for the purpose of accumulating monetary profit. At all times relevant to this lawsuit, Bridgefarmer did and continues to transact business in Texas, and currently transacts business at its principal place of business,

and headquarters at One Valley View Place, 2350 Valley View Lane, 6th Floor, Farmers Branch, Texas 75234. As a result, Bridgefarmer is a Texas resident. Bridgefarmer may be served through its registered agent: Mansoor M. Ahsan at 12801 North Central Expressway, Suite 400, Dallas, Texas 75243 and/or One Valley View Place, 2350 Valley View Lane, 6th Floor, Farmers Branch, Texas 75234, or wherever he may be found.

17.    Defendant Ahsan is an individual residing in Texas and may be served with process at his dwelling or usual place of abode: 4411 Beechwood Lane, Dallas, Texas 75220, or anywhere else where he may be found.

18.    Whenever in this complaint reference is made to any act, deed, conduct of Bridgefarmer, the allegation means that Bridgefarmer engaged in the act, deed, or conduct by or through one or more of its officers, directors, vice-principals, agents, servants, employees, or representatives, who were actively engaged in the routine and normal course and scope of employment with Bridgefarmer.

19.    Plaintiff is informed and believe, and thereon allege, that all times herein material, each defendant was completely dominated and controlled by its co-defendants and was the alter ego of the other. Whenever and wherever reference is made in this complaint to any conduct by Bridgefarmer or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly and severally. Whenever and wherever is made to individuals who are not named as defendants in this complaint, but were employees and/or agents of Defendants, such individuals at all relevant times acted on behalf of Defendants named in the complaint within the scope of their respective employment.

## V.    COLLECTIVE ACTION ALLEGATIONS

20.    Plaintiff repeats, realleges, and reasserts paragraphs (1) through (19) as if set forth more fully herein.

21.    Plaintiff and Class Members bring their claim for relief for violation of FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. Section 216(b), on behalf of Defendant's marketing coordinators, marketing assistants, receptionists, and other office administrative staff throughout the State of Texas ("FLSA Collective Plaintiffs").

22.    The named Plaintiff and FLSA Collective Plaintiffs are similarly situated in that they have similar job requirements and pay provisions during the statutory period, and were, and are, subject to Defendant Bridgefarmer's common practices as more fully described herein, of unlawfully refusing, through various practice and policies to pay them all straight time and overtime pay to which they were and are entitled in violation of FLSA.

23.    This claim for relief for violation of FLSA may be brought and maintained as an "opt-in" collective action pursuant to section 16(b) of FLSA, 29 U.S.C. Section 216(b), since FLSA Collective Plaintiffs are similarly situated to the named Plaintiff with respect to job duties and pay provisions and that they were subject to Defendant Bridgefarmer's common practices as more fully described herein, of unlawfully refusing, through various practice and policies to pay them all straight time and overtime pay to which they were and are entitled in violation of FLSA.

24.    The class that Plaintiff seeks to represent may be described as follows:

> Class I – All current and former non-exempt employees of Defendant Bridefarmer who worked as marketing coordinators, marketing assistants, receptionists, other office administrative staff, or similar position, however titled and whom Defendant Bridgefarmer failed to properly compensate for all hours worked and/or failed to compensate for overtime work performed in excess of forty-hours (40) per work week.

25.    Plaintiff seeks to represent only those members of the above-described group "Class I" who, after appropriate notice of their ability to opt-in to this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

26.    Those persons who choose to opt-in (hereinafter referred to as "Class Members") will be listed on subsequent pleadings. Copies of their written consents to sue and opt-in will be filed with the Court.

27.    All Class Members have been similarly harmed by being denied minimum wages as well as overtime wages due to the Defendants' policies and practices that affected Class Members similarly. Class Members perform or performed the same or similar tasks as employees of Defendant Bridgefarmer and are not exempt from receiving overtime and/or pay at the federal and State mandated minimum wage rate. As such, Class Members are similar to the Plaintiff in terms of job duties, pay structures, and/or the denial of overtime and minimum wage.

28.    Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from the wage rate required by the FLSA results from generally applicable policies or practices, and does not depend upon the personal circumstances of the Class Members. Defendant Bridgefarmer engages in a continuing policy, pattern or practice of requiring or permitting marketing coordinators, marketing assistants, receptionists, and other office administrative staff to perform "off the clock" without recording the actual time for all work performed or, even if the time is "on the clock," Defendant Bridgefarmer failed and refused to compensate marketing coordinators, marketing assistants, receptionists, and other office administrative staff for all overtime and regular wages for all work performed in excess of forty (40) hours per week in violation of FLSA.

29.     Plaintiff is qualified to and will fairly and adequately protect the interests of each Class Member with whom she has a well-defined community interest and typicality of claims, as demonstrated herein. Plaintiff's attorneys are versed in the rules governing class action discovery, certification, and settlement.

30.     The names and addresses of the FLSA Collective Plaintiffs are available from Defendant, and notice should be provided to the FLSA Collective Plaintiffs as soon as possible.

## VI.     FACTUAL ALLEGATIONS

31.     Plaintiff repeats, realleges, and reasserts paragraphs (1) through (30) as if set forth more fully herein.

32.     For purposes of this action, the "relevant period" is defined as the period commencing on the date that is three (3) years prior to the filing of this action, and continuing thereafter.

33.     At all times relevant to this action, Defendants have been subject to the requirements of FLSA.   Specifically, Defendant Bridgefarmer engaged in interstate commerce through its office locations in Texas, Colorado, and Arkansas and has an annual gross volume of sales made or business done of not less than $500,000.00. Defendant Ahsan has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff and Class Members.

34.     Defendant Bridgefarmer employed Plaintiff from 2016 to 2017.

35.     From February 2016 to July 2016, Plaintiff was employed as a marketing assistant and from July 2016 to August 2017, Plaintiff was employed as a marketing coordinator.

36.     From February 26, 2016 to June 1, 2016, Plaintiff was paid an annual salary of $31,200.00 intended to cover a forty hour work week (the equivalent of $15.00 per hour).

37.    From June 2, 2016 to July 8, 2016, Plaintiff was paid an annual salary of $35,360.00 intended to cover a forty hour work week (the equivalent of $17.00 per hour).

38.    From July 9, 2017 to August 5, 2017, Plaintiff was paid an annual salary of $37,440.00 intended to cover a forty hour work week (the equivalent of $18.00 per hour).

39.    Throughout the course of Plaintiff's employment, she and Class Members were required to work overtime hours in excess of forty (40) hours per week each seven-day workweek.

40.    As marketing coordinators, receptionists, and other office administrative staff, Plaintiff and Claim Members performed, during a significant period of most days, received a weekly salary on an "all inclusive" weekly wage for non-exempt positions intended to cover forty (40) hours per week.

41.    Throughout the course of their employment, Plaintiff and Class Members were required to work overtime hours in excess of forty (40) hours per each seven (7) day workweek.

42.    Defendants operate a privately held engineering firm, which offers engineering services to customers throughout the United States.

43.    Plaintiff's regular job duties included tracking future projects throughout the United States by monitoring websites and other media outlines as directed by Ahsan, preparing proposal documents for projects through the United States as directed by Ahsan, preparing media releases for publication throughout the United States as directed by Ahsan, assisting engineers in writing technical articles, maintaining client contact files, coordinating client holiday card list, assisting engineers in writing technical articles, and assisting the office administrative staff as needed.

44.    The Class Member receptionist(s)' duties consisted of answering phones and assisting office administrative staff as needed.

45.     The Class Members' administrative staff's duties consisted of speaking with clients, assisting engineers, and assisting in implementing Defendant Bridgefarmer employment/billing policies.

46.     In addition, pursuant to an agreement between Plaintiff and Defendants and established policy of Bridgefarmer, Plaintiff was to be reimbursed $3,500.00 in connection with deductible medical payments exceeding the $5,000.00 in connection with medical expenses paid by her family ("Medical Reimbursement Benefit").

47.     The Medical Reimbursement Benefit was to be paid at the end of the year or at the time of the termination of Plaintiff's employment with Bridgefarmer.

48.     However, Bridgefarmer has failed and refused to pay the Medical Reimbursement Benefit as agreed by the parties.

## VII.    COUNT 1 – UNPAID OVERTIME

49.     Plaintiff repeats, realleges, and reasserts paragraphs (1) through (48) as if set forth more fully herein.

50.     Plaintiff were employed by the Defendant Bridgefarmer from February 2016 to August 2017 and the other Class Members were employed by the Defendant Bridgefarmer, at some point in time, from three years prior to the filing of this Complaint and continuing until the present.

51.     Defendant Bridgefarmer's business employed at least two persons and was engaged in commerce through its offices located in Texas, Colorado, and Arkansas and had annual gross sales of at least $500,000.00.

52.     Defendant Ahsan, at all times relevant hereto, acting directly or indirectly of the interest of Defendant Bridgefarmer in relation to the Plaintiff and Class Members. In addition, Defendant Ahsan has a significant ownership interest in Defendant Bridgefarmer, Defendant

Ahsan has personal responsibility for the decision that lead to the conduct of Defendant Bridgefarmer which violated the FLSA, Defendant Ahsan supervised and controlled the employees of Bridgefarmer's work schedules and conditions of employment, Defendant Ahsan maintained employment records, and Defendant Ahsan had control over significant aspects of Bridgefarmer's day to day operations, including the compensation of employees.

53.     Defendants' practice of failing to pay Plaintiff and Class Members time and a half rate for hours in excess of forty (40) hours per week violates the FLSA. 29 U.S.C. § 207.

54.     Specifically, Defendants violated overtime rules by entering into agreements with Plaintiff and Class Members to pay "all inclusive" flat weekly salaries and then forbidding these employees to request overtime payment.  Consequently, the Plaintiff and Class Members are entitled to time and a half for all hours worked over forty in the past three years.

55.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate of not less than one and a half times the regular rate at which its employees are employed and applicable to the Defendants or the Plaintiffs.

## VIII.   COUNT 2 – FAILURE TO PAY MINIMUM WAGE UNDER FLSA

56.     Plaintiff repeats, realleges, and reasserts paragraphs (1) through (55) as if set forth more fully herein.

57.     Defendants' practice of failing to pay Plaintiff and Class Members at the required minimum wage violates the FLSA.  See, 29 U.S.C. § 206.

58.     Specifically, Defendants failed to pay Plaintiff and Class Action Members for work those weeks where Plaintiff and Class Members performed work in excess of forty (40) hours per week, which resulted in a failure of Defendant to pay Plaintiff and Class members the federally

mandated minimum wage. Consequently, Plaintiff and Class members are entitled to recover the federally mandated minimum wage for all hours worked and not paid in the past three years.

59.    None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants or Plaintiffs.

## IX.    COUNT 3 – BREACH OF CONTRACT BETWEEN PLAINTIFF AND BRIDGEFARMER

60.    Plaintiff repeats, realleges, and reasserts paragraphs (1) through (59) as if set forth more fully herein.

61.    Plaintiff and Bridgefarmer had a valid and enforceable agreement that Bridgefarmer would reimburse Plaintiff for $3,500.00 of expenses upon payment of $5,000.00 of her insurance deductible for the medical expenses of her and her family as part of her compensation package with Bridgefarmer.

62.    Plaintiff, as a party to the valid and enforceable agreement, is a proper party to sue for breach of contract.

63.    The Plaintiff performed, tendered performance, or was excused from performing her contractual obligations of working for Defendant Bridgefarmer and incurring deductible expenses equaling or exceeding $5,000.00 on behalf of herself and her family during her employment with Bridgefarmer.

64.    Defendant Bridgefarmer breached its agreement with Plaintiff when it failed and refused to reimburse Plaintiff $3,500.00.

65.    The Defendant's breach caused Plaintiff's injury of $3,500.00.

## X.   DAMAGES

66.   Plaintiff repeats, realleges, and reasserts paragraphs (1) through (65) as if set forth more fully herein.

67.   Plaintiff and Class Members are entitled to recover their unpaid overtime compensation.

68.   Additionally, Plaintiff and Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

69.   Plaintiff and Class Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages.  29 U.S.C. § 216(b).

70.   Plaintiff and Class Members are entitled to recover their attorney's fees and costs as required by the FLSA.  29 U.S.C. § 216(b).

## XI.   JURY DEMAND

71.   Plaintiff and Class Members hereby make a formal demand for a jury trial in the matter discussed herein.

## XII.    PRAYER FOR RELIEF

72.    For the aforementioned reasons, Plaintiff and Class Members respectfully request

that judgment be entered in their favor awarding the following relief:

   a.   Overtime compensation for all hours worked over forty (40) hours in a workweek at the applicable time-and-a-half rate;

   b.   All unpaid wages as the FLSA mandated minimum wage rate;

   c.   An amount equal to the foregoing damages as liquidated damages as allowed by the FLSA;

   d.   An amount equal to $3,500.00 for unpaid reimbursement as part of Plaintiff's compensation package;

   e.   Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

   f.   Such other relief to which Plaintiff and Class Members may be entitled in law or in equity.

Respectfully submitted,

**SARAH M. SCHECHTER**
State Bar No. 24062987
Email: sschechter@modjarrad.com
**SEAN S. MODJARRAD**
Texas Bar No. 24027398
Email: smodjarrad@modjarrad.com
**MODJARRAD | ABUSAAD | SAID LAW FIRM**
212 West Spring Valley Road
Richardson, Texas 75081
Tel: (972) 789-1664
Facsimile: (972) 789-1665
Attorneys for Plaintiff